UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC LEE ROTH,<br>   Plaintiff<br><br>vs.<br><br>BOB WALTERS, MERS DOE,<br>GALE HANDER, TITLE DOE,<br>JULIE RISTY, FANNIE MAE DOE,<br>AMY FOLSOM, 1-5 DOES,<br>CHRIS LILLA,<br>   Defendants | 4:22-cv-4096<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Defendant Gayle Hander's Motion to Dismiss, (Doc. 14), Plaintiff's Complaint (Doc. 1). Plaintiff alleges that Defendants engaged in a RICO conspiracy against him, and that their actions constituted trover/negligence, breach of contract, and "indebitatus assumpsit"/vicarious liability. (Id). In response to Defendant's motion to dismiss, Plaintiff filed a "verified motion to strike" the answers and motions to dismiss filed by all Defendants. (Doc. 17). Defendant Hander responded. (Doc. 21). For the following reasons, the Court grants Defendant Hander's motion to dismiss, (Doc. 14), and denies Plaintiff's motion to strike. (Doc. 17).

1

## BACKGROUND

Plaintiff has alleged a massive fraud and conspiracy against him in connection with his obtaining mortgages for his real property. (Doc. 1). The basis of his allegations appears to be that the financial system in place in the United States is fraudulent, and therefore, the actions of those involved in that system also are. (Id., PgID 3). The named Defendants are alleged to have played different roles in the alleged conspiracy. Walters, the COO of Quicken Loans, headquartered in Michigan, is accused of fraud and many other transgressions. Hander, formerly employed by Wells Fargo Bank, played a role in obtaining a mortgage for Plaintiff (although Plaintiff did not sue Wells Fargo Bank in this lawsuit). Finally, three employees of Minnehaha County, South Dakota, were sued. Lilla, the Director of Equalization, is alleged to have taxed and conspired to tax Plaintiff's property. Risty, the Register of Deeds, is accused of failing to file documents, which was on the advice of Folsom, Deputy States Attorney, who was sued for providing that legal advice. The latter resulted in Plaintiff's filing a complaint with the South Dakota Bar against Folsom and States Attorney Dan Haggar. (Doc. 1-2, PgID 168-69). It is unclear how the Defendants may have joined together to conspire against Plaintiff.

This lawsuit is not the first of the complaints Plaintiff has made against the Defendants. His 335-page attachment to his Complaint, (Doc. 1-2), includes many

documents that reflect his dissatisfaction with the Defendants, their handling of his loans, and his theories about the monetary system. The Court need not recite all of those details to resolve the motions at hand.

At the outset, the Court takes note that Plaintiff resides in Minnehaha County, South Dakota. Defendants Hander, Lilla, Risty, and Folsom do as well. Walters is the sole Defendant who resides outside of this state and the Court has granted his motion to dismiss. (Doc. 34). All Defendants who have filed answers have also filed motions to dismiss and all challenge the Court's jurisdiction, among other issues.

Hander's motion to dismiss raises some issues identical to those raised by the other Defendants, but her case raises unique questions as well. As such, she supports her motion to dismiss by arguing failure to state a claim upon which relief can be granted, F.R.C.P. 12(b)(6), and lack of subject matter jurisdiction, F.R.C.P. 12(b)(1). She also argues for dismissal for failure to join an indispensable party, F.R.C.P. 12(b)(7).

**LEGAL STANDARD**

1. Motion to Dismiss—Fed. R. Civ. P. 12(b)(6)

Defendant has alleged that all counts of the Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal under Rule 12(b)(6), *Ashcroft v. Iqbal* requires that the plaintiff have included in the complaint

3

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U. S. 662, 678, 129 S. Ct. 1937,1949,173 L. Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U. S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). See *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing denial of motion to dismiss).

As the court considers a motion to dismiss, it must assume all facts alleged in the complaint are true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F. Supp. 2d 1044 (D.S.D. 2007); *Broin and Associates, Inc. v. Genencor Intern., Inc.*, 232 F.R.D. 335, 338 (D.S.D. 2005). The complaint is to be viewed in the light most favorable to the non-moving party. *Broin*, 232 F.R.D. at 338 (citing *Frey v. Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995)). Although the court should grant the Motion to Dismiss only in the "unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," it is a requirement that the complaint "contain facts which state a claim as a matter of law and must not be conclusory." *Frey,* 44 F.3d at 671. While conclusory statements are insufficient, well-pleaded factual allegations should be

deemed true and the District Court should proceed to determine whether plaintiff is entitled to relief. *Drobnak v. Andersen Corp.*, 561 F.3d 778 (8th Cir. 2009).

When the court considers a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), it examines the complaint and "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Faloni and Associates, LLC v. Citibank N.A.*, 2020 WL 4698475, *2 (D.S.D. 2020) (quoting *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004))).

2. Failure to join indispensable party--Fed. R. Civ. P. 12(b)(7)

Defendant Hander has moved to dismiss because Plaintiff has failed to join an indispensable party. F.R.C.P. 12(b)(7). When a party makes such an allegation, Fed. R. Civ. P. 19, Required Joinder of Parties, comes into play. The Rule provides as follows:

> (a) Persons Required to Be Joined if Feasible.
> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> > (A) in that person's absence, the court cannot accord complete relief among existing parties;...

5

> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

This Court addressed the rules governing joinder of an indispensable party in *LeBeau v. United States*, 115 F.Supp.2d 1172, 1175 (D.S.D. 2000) (reversed on other grounds 474 F.3d 1334 (Fed. Cir. 2007)). There, certain tribes moved to intervene and then to move to dismiss an action filed by individuals to challenge the constitutionality of a law which reduced funding available to satisfy a judgment of the Indian Claims Commission. *Id.* at 1173. The Court described the procedure to follow in addressing who qualifies as a "necessary" party as follows:

> The Court must first inquire whether an absent person is a "necessary" party pursuant to Rule 19(a). If the absent person is not necessary as defined in Rule 19(a), the Court ends the inquiry, denies the motion to dismiss for failure to join an absent person and proceeds with the action. *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994). However, if the Court determines an absent person is a necessary party and the absent person may not be joined pursuant to Rule 19(a), then the Court must determine, pursuant to Rule 19(b), whether the action should proceed among the parties before it, or should be dismissed. *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984).

115 F. Supp.2d at 1175.

Following that procedure, the Court concluded the tribes were not "necessary" parties, but even if they were, the action would proceed because the tribes' sovereign immunity would prevent their joinder. *Id.* at 1178.

6

In *Raven Indus., Inc. v. Topcon Positioning Systems, Inc.*, the Court faced a similar problem when plaintiff alleged conversion, unjust enrichment, fraudulent concealment and interference with business expectancy, among other claims. 2009 WL 2998570 (D.S.D. 2009). Defendants moved to dismiss for failure to join an indispensable party, i.e., the company with whom plaintiff had originally contracted. 2009 WL 2998570, *7. The Court first set forth the procedure to follow to resolve the issue, as outlined in *LeBeau*. 115 F.Supp.2d at 1175. The Court ruled the company (which had gone out of business) was not a necessary party under Rule 19(a)(1) because the purchase agreement at issue defined the plaintiff's ownership interests, which also could be clarified by an individual who was the purported owner of the absent company. *Id*. at *8. As a result, the Court denied the motion to dismiss because a reasonable alternative existed.

3. Motion to Dismiss for lack of jurisdiction -Fed. R. Civ. P. 12(b)(1)

Defendant Hander argues the Court lacks jurisdiction in this case. Pursuant to 28 U.S.C. § 1331, a federal district court has jurisdiction to hear "all civil actions arising under the Constitution, Laws, or treaties of the United States." The Court also has jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332. Plaintiff has styled his first cause of action as "Trespass on the case—Racketeer Influenced and Corrupt Organizations Law." (Doc. 1, PgID17). This is the sole federal claim in this

7

lawsuit. The Court will address the requirements for pleading claims under the applicable sections of the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. §§ 1962, 1964.

In *Stonebridge Collection, Inc. v. Carmichael*, the court emphasized that to state a claim under 18 U.S.C. § 1962(c), the plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." 791 F.3d 811, 822-23 (8th Cir. 2015) (quoting *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2002)). See also *GSAA Home Equity Trust 2006-2 ex rel. LL Funds LLC v. Wells Fargo Bank, N.A.*, 133 F.Supp.3d 1203, 1225 (D.S.D. 2015). The *Stonebridge* court also explained the requirement of a pattern of racketeering, meaning at least two predicate acts that are related and pose a threat of continued criminal activity. 791 F.3d at 823. Whether a pattern of racketeering activity exists is a question of fact for the court. *Id.*

When a plaintiff relies on fraud as the RICO predicate act, the provisions of F.R.C.P. 9(b) apply, meaning the complaint must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). See *GSAA*, 133 F.Supp.3d at 1225 (citing *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995)). Conclusory allegations are not sufficient. *Id.* (citing *Drobnak*, 561 F.3d at 783). The particularity requirement "demands a higher degree of notice than that required for other claims," *United States ex rel. Benaissa*

8

*v. Trinity Health*, 963 F.3d 733, 739 (8th Cir. 2020) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). "To satisfy Rule 9(b)'s particularity requirement, 'the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result,'" *Benaissa*, 963 F.3d at 739 (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). In the event the requirements of Rule 9(b) are not met, the court will dismiss the RICO claim. *GSAA*, 133 F.Supp.3d at 1227. See also *Schied v. U-Haul International, Inc.*, 2021 WL 3287708, *8 (D.S.D. 2021) (dismissing RICO claim where court is "unwilling to guess" what the illegal activity at issue is).

When a court dismisses the only federal claim in a lawsuit, it determines whether to exercise supplemental jurisdiction over any remaining state law claim. 28 U.S.C. § 1367. The court may decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* §1367(c)(2). See *In re Cotter Corporation, (N.S.L.)*, 22 F.4th 788, 792 (8th Cir. 2022); *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

As this Court noted in *Huff v. City of Brookings Police Dept.*,

> The United States Supreme Court has advised:
> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

2022 WL 2528255, *8 (D.S.D. 2022) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966))).

4. Motion to strike—Fed. R. Civ. P. 12(f)

Plaintiff has moved to strike Defendant Hander's answers and motions to dismiss. F.R.C.P. 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As the Eighth Circuit has stated, "Striking a party's pleading, however, is an extreme and disfavored measure." *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Stanbury Law Firm, PA v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)). The court views the pleadings "in the light most favorable to the pleading party." *Nasuti v. Walmart*, 2021 WL 3403666, *1 (D.S.D. 2021).

**ANALYSIS**

1. Motion to Dismiss- Rule 12(b)(6)

Although a court construes a pro se Plaintiff's claim liberally, a complaint must allege a plausible claim for relief. *Spagna,* 30 F.4th at 715. In this case, Plaintiff rests his claims on his belief that the monetary system in the United States is fraudulent. For example, his complaint alleges:

> 6b. FEDERAL RESERVE NOTES are not lawful money, legal tender or currency pursuant to the constitution, described in attached Exhibit A, Law of the case (see sec., Federal Reserve Notes are not legal tender and sec., the seven money clauses of the constitution) and is incorporated by reference as though fully stated herein. Banks create credit and debt out of thin are. I have to sell my labor, services or goods for credit and debt. My debt notes include valuable consideration.
> 6c. Alleged mortgage lenders do not loan lawful money, legal tender, currency, deposits and they can not loan credit, described fully in paragraph 6, Law of the case. Exhibit A sec., Banks Can Not Loan Credit.
> 6d. There has never been a meeting of the minds thought good faith with any of alleged mortgage lenders.

(Doc. 1, PgID 3).

The complaint further states:

> 17. FEDERAL RESERVE NOTES are unconstitutional, unlawful in so many ways. There must be a remedy for people or this would be treason. The US Code describes FEDERAL RESERVE NOTES as being obligations of the United States over and over again and uses the word discharge a lot. I have described this in the Law of the Case Exhibit A, section: Notice of Memorandum of Law- Points and Authorities in Support of International Bill of Exchange....

(Doc. 1, PgID 5).

Plaintiff's complaint lists "Duty of all defendants," (id., ¶ 96, PgID 17), and "BREACH OF DUTY BY DEFENDANTS," (id., ¶ 97, PgID 17), including with respect to Defendant Hander, many instances of fraud "to extort money," and

11

"lying about loaning me lawful money." (Id.). Among other allegations, Plaintiff includes "racketeering organized conspiracy coercion to extort money through fraudulent conversion of my born name, my property, land, rights through fraudulent use of language with willful intent." (Id., ¶ 97.j, PgID 18). Plaintiff also includes "racketeering organized conspiracy coercion to extort money lying about me being a person." (Id., ¶ 97.O., PgID 18).

Plaintiff's claim against Defendant Hander is "for general damages of 450,000.00 lawful dollars pursuant to the constitution" (not preceded by a dollar sign). (Doc. 1, PgID 21). The specific involvement of Hander in Plaintiff's case is as follows: Plaintiff alleges Defendant Hander was employed at Wells Fargo Bank, (Doc. 1 PgID 1), that Plaintiff entered into "an alleged loan" with her, (id., PgID 2), and that she hired First Dakota Title company to do a title search, (id., ¶ 58, PgID 10). Defendant Hander admits her employment, agrees she sent a letter to Hegg Realtors stating Plaintiff was approved for a loan, and signed off on Plaintiff's Home Buyer Education course. (Doc. 15, PgID 410-411, citing Doc. 1-2, PgID 31, 33). Plaintiff has included a warranty deed and title insurance policy on which Hander's name does not appear. (Doc. 1-2, PgID 24-30).

The Court finds that Plaintiff's claim is based on his own theories about the monetary system and does not state a claim upon which relief can be granted under Rule 12(b)(6). Hander's activities in this case do not amount to fraud under any

reading of the complaint or other documents submitted in this case. The Court grants Defendant Hander's motion to dismiss pursuant to Rule 12(b)(6). (Doc. 14).

2. Motion to Dismiss for failure to join an indispensable party—Rule 12(b)(7)

Plaintiff did not name Wells Fargo Bank as a defendant in this case. As noted above, Defendant Hander was an employee of Wells Fargo Bank and any of her actions relevant to this case were as the bank's agent. If an employee has acted wrongfully, not only is the employee responsible, but in accordance with S.D.C.L. § 59-6-9, "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as part of the transaction of such business...." As the South Dakota Supreme Court stated in *Cameron v. Osler*, the concept of respondeat superior "is well established as 'holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency.'" 930 N.W.2d 661, 663 (S.D. 2019). See also *Dakota Provisions, LLC v. Hillshire Brands Company*, 226 F.Supp.3d 945, 952 (D.S.D. 2016) (reviewing parameters of agency law in South Dakota).

On its face, Plaintiff's complaint acknowledges that Hander was an employee of Wells Fargo Bank. (Doc. 1, PgID 1). He alleges Wells Fargo conspired with others. (Id., ¶ 77, PgID13). There is no indication that Hander did anything relevant to this case except as an employee of Wells Fargo acting within

13

the scope of her employment. There is no indication whatsoever of any fraud on Hander's part because the claims against her rest on Plaintiff's theories about the monetary system. If there is any wrongdoing with respect to the financing Plaintiff received from Wells Fargo, the Bank, not Defendant Hander, would be responsible. Therefore, it would be impossible for Hander's interests to be properly protected without the Bank participating in the lawsuit as a party. *LeBeau*, 115 F.Supp.2d at 1175. To be clear, however, Plaintiff's statements about the monetary system are insufficient to form a basis for him to recover on any theory from either Hander or Wells Fargo in this case.

The Court finds Wells Fargo Bank is a necessary party to the case because adequate relief cannot be given in its absence. F.R.C.P. 19. Given the Court's resolution of Hander's motions pursuant to Rules 12(b)(6), above, and 12(b)(1), below, the Court grants Hander's motion to dismiss under Rule 12(b)(7) and declines to permit Plaintiff to join Wells Fargo Bank in this action.

3. Motion to Dismiss for lack of jurisdiction—Rule 12(b)(1)

Plaintiff alleges a RICO conspiracy existed among the Defendants in this case. All of the allegations appear to be based on Plaintiff's view that the monetary system itself is fraudulent, as discussed above. His claim rests on an "indisputably meritless theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

He fails to allege the elements of a RICO action, i.e., conducting the affairs of an enterprise through a pattern of racketeering activity, and conspiring to do so. He alleges there was a conspiracy but supplies no facts to support his assertion. He fails to allege his claims of fraud with particularity, as required by Rule 9(b). Instead, as noted above in the discussion of Rule 12(b)(6), Plaintiff accuses Defendant Hander of many instances of fraud involving extortion, lying, and racketeering. (Doc. 1, PgID 18). Although Plaintiff freely employs terms such as treason, fraud, and racketeering, none of his claims allege any individual fraudulent conduct by Hander. His allegations are grounded in his beliefs about the monetary system as a whole. Therefore, the Court grants Defendant Hander's motion to dismiss the RICO claim pursuant to Rule 12(b)(1). The question presented, then is whether to exercise supplemental jurisdiction. *Carnegie-Mellon*, 484 U.S. at 350.

In this case, the values of judicial economy, convenience, fairness and comity outweigh any interest in maintaining federal jurisdiction over any claims remaining after dismissal of the RICO claim. The litigation is in the early stages, the sole federal claim has been dismissed, and the sole Defendant who is not a resident of South Dakota has been dismissed. Furthermore, the Court has dismissed all claims separately under Rules 12(b)(6) and 12(b)(7), so any exercise of

supplemental jurisdiction would be inappropriate. For these reasons, the Court declines to exercise supplemental jurisdiction over any remaining state law claims.

4. Plaintiff's motion to strike—Rule 12(f)

Plaintiff alleges the attorneys in the case have violated certain Rules of Evidence in filing their answers and motions. The Federal Rules of Evidence do not apply at the pleading stage, FRE 101. The allegation that the documents filed by the attorneys violate the Hearsay Rule, FRE 801, and rules governing witnesses, FRE 602, is without merit because the Rules of Evidence do not apply at this stage of the proceedings. Neither does FRE 301, dealing with presumptions, which Plaintiff asserts as a basis to strike. He also seems to be accusing all of the attorneys of lying. (Doc. 17, PgID 424).

Furthermore, pursuant to F.R.C.P. 11, attorneys are directed to sign pleadings on behalf of their clients, given the rule's directive that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P. 11(a). The attorney is required to have a reasonable basis for a pleading, which ordinarily comes from the client. Questions about the admissibility of such evidence are resolved at a later stage of the proceedings.

The Court finds there is nothing in Defendant's answer or motions that should be stricken as "redundant, immaterial, impertinent, or scandalous" under Rule 12(f) and denies Plaintiff's motion to strike. (Doc. 17).

## CONCLUSION

Plaintiff has filed a wide-ranging complaint alleging serious misconduct by Defendant Hander and others. The allegations are baseless. The Court finds the complaint must be dismissed for failure to state a claim upon which relief can be granted, Rule 12(b)(6), and for failure to join an indispensable party, Rule 12(b)(7). The Court grants Defendant Hander's motion to dismiss, (Doc. 14), on these bases. The Court further finds that Plaintiff's claim of violation of the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. §§ 1962, 1964, must be dismissed for failure to allege the elements and for failure to plead allegations of fraud with particularity. The Court grants Defendant Hander's motion to dismiss the claim of violation of the Racketeer Influenced and Corrupt Organizations statute and declines to exercise supplemental jurisdiction over any remaining claims. (Doc. 14). The Court finds that Plaintiff's motion to strike, (Doc. 17), is without merit and denies it.

Accordingly, IT IS ORDERED that

1. Defendant's Motion to Dismiss (Doc. 14) is granted; and
2. Plaintiff's motion to strike (Doc. 17) is denied.

Dated this 18th day of January, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK