UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC L. ROTH,<br>      Plaintiff | 4:22-cv-4096 |
| vs. | MEMORANDUM OPINION |
| BOB WALTERS, MERS DOE,<br>GALE HANDER, TITLE DOE,<br>JULIE RISTY, FANNIE MAE DOE,<br>AMY FOLSOM, 1-5 DOES,<br>CHRIS LILLA,<br>      Defendants | AND ORDER |

Pending before the court is a motion to dismiss filed by Defendants Risty, Folsom, and Lilla. (Doc. 11). Plaintiff's pro se complaint alleges that Defendants engaged in a conspiracy against him prohibited by the Racketeer Influenced and Corrupt Organizations (RICO) Act, and also alleges acts that form the basis of his common law claims. (Doc.1). In response to Defendants' motion to dismiss, Plaintiff filed a "verified motion to strike" the answers and motions to dismiss filed by all Defendants. (Doc. 17). Defendants responded. (Doc. 18). For the following reasons, the Court grants Defendants' motion to dismiss, (Doc. 11), and denies Plaintiff's motion to strike. (Doc. 17).

1

## BACKGROUND

Plaintiff filed a lengthy Complaint with attachments (358 pages) against several Defendants, including employees of Minnehaha County, Wells Fargo Bank, Quicken Loans, and Doe Defendants. (Doc. 1). The Complaint is styled as a "Quiet Title Action." (Id.). The first Cause of Action is captioned "Trespass on the case—Racketeer Influenced and Corrupt Organizations Law." (Id., PgID 17). Count 2 is captioned "Trover—Negligence." (Id., PgID 19). Count 3 is "Special Assumpsit—Breach of Contract." (Id.). Count 4 is "Indebitatus Assumption—Vicarious Liability." (Id., PgID 20). Plaintiff's claims arise from activity related to mortgages and other transactions in connection with his real property.

The basis of Plaintiff's allegations appears to be that the financial system in place in the United States is fraudulent, and therefore, the actions of those involved in that system also were when they engaged in activities involving his real property. (Id., PgID 3). The named Defendants are alleged to have played different roles in the alleged conspiracy against him. Walters, the COO of Quicken Loans, headquartered in Michigan, is accused of fraud and many other transgressions. Hander, formerly employed by Wells Fargo Bank, played a role in obtaining a mortgage for Plaintiff (although Plaintiff did not sue Wells Fargo Bank in this lawsuit). Finally, three employees of Minnehaha County, South Dakota, were

sued. Plaintiff filed many allegations of racketeering against them, (id., PgID 17-19), as well claims relating to their positions as county officials described below.

Plaintiff's claim against Lilla, the Director of Equalization for Minnehaha County, is that Lilla unlawfully taxed Plaintiff's property. Plaintiff asserts he sent a notice to Lilla and that Lilla's having failed to rebut it means he "tacitly consented to all the facts and the claim." (Doc. 1, PgID 12-13). The document Plaintiff sent to Lilla asserts the "2021 REAL ESTATE ASSESSMENT NOTICE, Document Proves, Constructive Fraud, Mail Fraud, Forgery, Extortion, Trespass, Identity Theft, Administering my Private Property without Right." (Doc. 1-2, PgID 129-32). Plaintiff asserts "with my wet signature" that he has not received an "obligation [contract]" that Chris Lilla "has the right to do an assessment on my Private Property." (Id., ¶ 12, PgID 130). He further alleges fraud and that he has received no document giving permission to Lilla to "Lower the status of my Private Property to REAL ESTATE." (Id., ¶13, PgID 131). Several of Plaintiff's attached documents include a fingerprint with his signature. (Id., e.g., PgID 118, 134, 137, 138).

With respect to Risty and Folsom, Plaintiff alleges that Risty, the Register of Deeds for Minnehaha County, South Dakota, refused to file two documents Plaintiff submitted, including "Certification of Acceptance and Declaration of Land Patent. Land Patent #2261," (id., PgID 133), and "Common Law Lien 'Duly

3

Noted' At Presentment Cease and Desist Order to Any Sale of Property." (Id., PgID 161). Folsom, a Deputy States Attorney for Minnehaha County, South Dakota, wrote to Plaintiff and explained the documents were unrecordable, citing pertinent sections of the South Dakota Code. (Id., PgID 162, 164). Plaintiff then filed complaints with the South Dakota Bar against Folsom and States Attorney Dan Haggar, (id., PgID 168-69), and also responded with this lawsuit.

With respect to claims of conspiracy, Plaintiff alleges "the unlawful direct tax on my substantive right to own property was created by Wells Fargo conspiring with Julie Risty's agency and Chris Lilla's agency." (Doc. 1, PgID 13). He adds, "I am sure that another Tax conspiracy happened again with Bob Walters agency Quicken Loans Inc. Twice with the same agency's." (Id.). He asserts Risty and Folsom conspired to deprive him of "substantive rights through color of law." (Id., PgID 14).

Plaintiff alleges many acts of racketeering, coercion, extortion and other misconduct. (Id., PgID 17-19). He demands "150,000.00 lawful dollars" each from Lilla, Risty, and Folsom, which apparently requires payment in gold and silver. (Id., PgID 4). He also demands costs and attorney's fees.

**LEGAL STANDARD**

    1. Motion to Dismiss—Fed. R. Civ. P. 12(b)(6)

Defendants have alleged that all counts of the Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. To avoid dismissal under Rule 12(b)(6), *Ashcroft v. Iqbal* requires that the plaintiff have included in the complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U. S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U. S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). See *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing denial of motion to dismiss).

As the court considers a motion to dismiss, it must assume all facts alleged in the complaint are true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F. Supp. 2d 1044 (D.S.D. 2007); *Broin and Associates, Inc. v. Genencor Intern., Inc.*, 232 F.R.D. 335, 338 (D.S.D. 2005). The complaint is to be viewed in the light most favorable to the non-moving party. *Broin*, 232 F.R.D. at 338 *(citing Frey v. Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995)). Although the court should grant the Motion to Dismiss only in the "unusual case in which a plaintiff includes

5

allegations that show on the face of the complaint that there is some insuperable bar to relief," it is a requirement that the complaint "contain facts which state a claim as a matter of law and must not be conclusory." *Frey*, 44 F.3d at 671. While conclusory statements are insufficient, well-pleaded factual allegations should be deemed true and the District Court should proceed to determine whether plaintiff is entitled to relief. *Drobnak v. Andersen Corp.*, 561 F.3d 778 (8th Cir. 2009).

When the court considers a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), it examines the complaint and "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Faloni and Associates, LLC v. Citibank N.A.*, 2020 WL 4698475, *2 (D.S.D. 2020) (quoting *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004))).

2. Motion to dismiss- Fed. R. Civ. P. 12(b)(1)

Defendants argue the Court lacks jurisdiction in this case. Pursuant to 28 U.S.C. § 1331, a federal district court has jurisdiction to hear "all civil actions arising under the Constitution, Laws, or treaties of the United States." The Court

also has jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332. Plaintiff has styled his first cause of action as "Trespass on the case—Racketeer Influenced and Corrupt Organizations Law." (Doc. 1, PgID17). This is the sole federal claim in this lawsuit. The Court will address the requirements for pleading claims under the applicable sections of the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. §§ 1962, 1964.

In *Stonebridge Collection, Inc. v. Carmichael*, the court emphasized that to state a claim under 18 U.S.C. § 1962(c), the plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." 791 F.3d 811, 822-23 (8th Cir. 2015) (quoting *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2002)). See also *GSAA Home Equity Trust 2006-2 ex rel. LL Funds LLC v. Wells Fargo Bank, N.A.*, 133 F.Supp.3d 1203, 1225 (D.S.D. 2015). The *Stonebridge* court also explained the requirement of a pattern of racketeering, meaning at least two predicate acts that are related and pose a threat of continued criminal activity. 791 F.3d at 823. Whether a pattern of racketeering activity exists is a question of fact for the court. *Id.*

When a plaintiff relies on fraud as the RICO predicate act, the provisions of F.R.C.P. 9(b) apply, meaning the complaint must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). See *GSAA*, 133 F.Supp.3d

7

at 1225 (citing *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995)). Conclusory allegations are not sufficient. *Id.* (citing *Drobnak*, 561 F.3d at 783). The particularity requirement "demands a higher degree of notice than that required for other claims," *United States ex rel. Benaissa v. Trinity Health*, 963 F.3d 733, 739 (8th Cir. 2020) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). "To satisfy Rule 9(b)'s particularity requirement, 'the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result,'" *Benaissa*, 963 F.3d at 739 (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). In the event the requirements of Rule 9(b) are not met, the court will dismiss the RICO claim. *GSAA*, 133 F.Supp.3d at 1227. See also *Schied v. U-Haul International, Inc.*, 2021 WL 3287708, *8 (D.S.D. 2021) (dismissing RICO claim where court is "unwilling to guess" what the illegal activity at issue is).

When a court dismisses the only federal claim in a lawsuit, it determines whether to exercise supplemental jurisdiction over any remaining state law claim. 28 U.S.C. § 1367. The court may decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* §1367(c)(2). See *In re Cotter*

*Corporation, (N.S.L.)*, 22 F.4th 788, 792 (8th Cir. 2022); *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

As this Court noted in *Huff v. City of Brookings Police Dept.*,

> The United States Supreme Court has advised:
> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

2022 WL 2528255, *8 (D.S.D. 2022) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966))).

3. Motion to strike—Fed. R. Civ. P. 12(f)

Plaintiff has moved to strike Defendants' answers and motions to dismiss. F.R.C.P. 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As the Eighth Circuit has stated, "Striking a party's pleading, however, is an extreme and disfavored measure." *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Stanbury Law Firm, PA v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)). The court views the pleadings "in the light most

favorable to the pleading party." *Nasuti v. Walmart,* 2021 WL 3403666, *1 (D.S.D. 2021).

## ANALYSIS

1. Motion to dismiss—Fed. R. Civ. P. 12(b)(6)

A. Plaintiff's RICO claims against all Defendants

Plaintiff has alleged sweeping violations of the RICO statute against Lilla, Risty, and Folsom. Although a court construes a pro se Plaintiff's claim liberally, a complaint must allege a plausible claim for relief. *Spagna,* 30 F.4th at 715. In this case, Plaintiff rests his claims, at least in part, on his belief that the monetary system in the United States is fraudulent and that this affected loans in regard to his property. For example, his complaint alleges:

> 6b. FEDERAL RESERVE NOTES are not lawful money, legal tender or currency pursuant to the constitution, described in attached Exhibit A, Law of the case (see sec., Federal Reserve Notes are not legal tender and sec., the seven money clauses of the constitution) and is incorporated by reference as though fully stated herein. Banks create credit and debt out of thin are. I have to sell my labor, services or goods for credit and debt. My debt notes include valuable consideration.
> 6c. Alleged mortgage lenders do not loan lawful money, legal tender, currency, deposits and they can not loan credit, described fully in paragraph 6, Law of the case. Exhibit A sec., Banks Can Not Loan Credit.

(Doc. 1, PgID 3).

The complaint further states:

> 17. FEDERAL RESERVE NOTES are unconstitutional, unlawful in so many ways. There must be a remedy for people or this would be treason.

(Doc. 1, PgID 5).

Plaintiff's complaint lists "Duty of all defendants," (id., ¶ 96, PgID 17), and "BREACH OF DUTY BY DEFENDANTS," (id., ¶ 97, PgID 17), including with respect to Defendants Lilla, Risty, and Folsom many instances of fraud "to extort money," and "Racketeering organized conspiracy coercion with willful intent to extort money by converting unalienable rights into privileges, creating a license and a fee for it." (Id., ¶ 97.f., PgID 18)). Another racketeering allegation is "racketeering organized conspiracy coercion to extort money through fraudulent conversion of my born name, my property, land, rights through fraudulent use of language with willful intent." (Id., ¶ 97.j, PgID 18). Plaintiff also includes "racketeering organized conspiracy coercion to extort money lying about me being a person." (Id., ¶ 97.O., PgID 18).

The Court finds that Plaintiff's RICO claim is based on his own theories about the monetary system and other unsupported theories and does not state a claim upon which relief can be granted under Rule 12(b)(6). The activities of Defendants Lilla, Risty, and Folsom in this case do not amount to fraud under any reading of the complaint or other documents submitted in this case. The Court grants Defendants Lilla, Risty, and Folsom's motion to dismiss pursuant to F.R.C.P. 12(b)(6). (Doc. 11).

B. Additional Claims against Defendant Lilla

Defendant Lilla argues the claims against him for taxing Plaintiff's property and conspiring to do so should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The United States Supreme Court has long recognized the power of the federal and state governments to tax. As the Court stated in *Providence Bank v. Billings and Pittman*, "Taxation is an incident of its [a government's] highest sovereign power." 29 U.S. 514, 4 Pet. 514, 558, 7 L.Ed. 939, 1830 WL 3877 (1830). The Court continued, "That the taxing power is of vital importance; that it is essential to the existence of government; are truths which it cannot be necessary to reaffirm. They are acknowledged and asserted by all." *Id.* at 561. In concluding its comments, the Court emphasized, "The power of legislation, and consequently of taxation, operates on all the persons and property belonging to the body politic. This is an original principle, which has its foundation in society itself. It is granted by all, for the benefit of all." *Id.* at 563. See also *Larson v. State of South Dakota*, 278 U.S. 429, 435-36, 49 S.Ct. 196, 73 L.Ed. 441 (1929) (noting the community has an interest in retaining the taxing power "undiminished").

The State of South Dakota has a strong interest in exercising the taxing power and the South Dakota Constitution provides for such power. S.D. Const., art. XI. Further, S.D.C.L. § 10-4-1 provides as follows:

> All real property in this state and the property of corporations existing or hereafter created, and the property of all banks or banking companies existing or hereafter created, except such as is hereinafter expressly excepted, is subject to taxation; and such property, or the value thereof, shall be entered in the list of taxable property for that purpose, in the manner prescribed in chapter 10-6.

The South Dakota Supreme Court recently reaffirmed the power of the state to levy taxes. As the court explained in *Pickerel Lake Association v. Day County*, "It is generally within the province of the State to assess property taxes." 953 N.W.2d 82, 94 (S.D. 2020). The Court added the State "retains its historic power to regulate by imposing state and local taxes." *Id.* (citing *Providence Bank*, 29 U.S. at 524).

Plaintiff's claim that taxing his property violates his substantive due process rights is without merit, as both the federal and state governments are authorized to tax property. His accompanying claim that Lilla engaged in a conspiracy to unlawfully tax his property is also without merit. To establish a civil conspiracy, Plaintiff would have to prove (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy. *Setliff v. Akins*, 616 N.W.2d 878, 889 (S.D. 2000) (citing *Nelson v. WEB Water Dev. Assn., Inc.*, 507 N.W.2d 691 (S.D. 1993)). At a minimum, Plaintiff cannot prove element (4). The Federal and State

governments are authorized to collect taxes, making Lilla's actions lawful rather than unlawful.

The Court finds that Plaintiff's allegation that Lilla violated his substantive due process rights by taxing his property and conspiring to do so is without merit. The Court grants Defendant Lilla's motion to dismiss.

C. Claims against Defendants Risty and Folsom

Plaintiff alleges Risty refused to file his documents in violation of "her oath and duty and obligation to protect and defend the constitution," (Doc. 1, PgID 14), and that Risty and Folsom conspired to deprive him of "substantive rights under color of law." (Id.). Related allegations echo these assertions. (Id., PgID 15-16). Defendants have moved to dismiss under Fed. R. Civ. P. (12)(b)(6).

S.D.C.L. § 43-28-1 provides that "Any instrument affecting the title to or possession of real property may be recorded as by law provided." The ensuing sections provide for the recording of many types of documents affecting title to real property, and consistently use the term "may" with respect to the Register of Deeds' obligation to record documents. The exercise of discretion by Register of Deeds Risty, reinforced by the legal advice of Attorney Folsom, did not result in a deprivation of any due process right Plaintiff had. The statute grants the Register of Deeds the prerogative to exercise discretion in addressing Plaintiff's documents,

and there is no indication she erred in her judgment. Plaintiff has no protected property interest in the filing of his documents.

The Court finds the Defendants' motion to dismiss is well-supported under the facts and the law. The Court further finds Plaintiff's claims that he was deprived of substantive due process in connection with filing documents is baseless and grants Defendants Risty and Folsom's motion to dismiss in all respects pursuant to F.R.C.P. 12(b)(6).

    2. Motion to dismiss—Fed. R. Civ. P. 12(b)(1)

Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act and a RICO conspiracy among the Defendants in this case. The allegations appear to be based at least in part on Plaintiff's view that the monetary system itself is fraudulent, as discussed above. (Doc. 1, PgID 17-19). His claim rests on an "indisputably meritless theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff fails to allege the elements of a RICO action, i.e., conducting the affairs of an enterprise through a pattern of racketeering activity, and conspiring to do so. He alleges there was a conspiracy but supplies no facts to support his assertion. He fails to allege his claims of fraud with particularity, as required by Rule 9(b). Instead, Plaintiff accuses Defendants of many instances of fraud involving extortion, lying, and racketeering. (Doc. 1, PgID 18). Although Plaintiff

freely employs terms such as treason, fraud, and racketeering, none of his claims allege any individual fraudulent conduct by any of the Defendants that would amount to a RICO violation. Therefore, the Court dismisses the RICO claim pursuant to F.R.C.P. 12(b)(1). The question presented, then is whether to exercise supplemental jurisdiction. *Carnegie-Mellon*, 484 U.S. at 350.

In this case, the values of judicial economy, convenience, fairness, and comity outweigh any interest in maintaining federal jurisdiction over any claims remaining after dismissal of the RICO claim. The litigation is in the early stages, the sole federal claim has been dismissed, and the sole Defendant who is not a resident of South Dakota has been dismissed. (Doc. 34). Furthermore, the Court has dismissed all claims separately under F.R.C.P. 12(b)(6), so any exercise of supplemental jurisdiction would be inappropriate. Finally, supplemental jurisdiction in this case would involve resolving claims about the exercise of their duties by county officers, which is peculiarly within the realm of the jurisdiction of the South Dakota state courts. For these reasons, the Court declines to exercise supplemental jurisdiction over any remaining state law claims.

Defendants have alleged that the Court lacks jurisdiction because there is not complete diversity among the named defendants. (Doc. 11). Given the Court's dismissal of Plaintiff's claims in this Memorandum Opinion and Order, the question of diversity is moot.

3. Plaintiff's motion to strike—F.R.C.P. 12(f)

Plaintiff alleges the attorneys in the case have violated certain Rules of Evidence in filing their answers and motions. The Federal Rules of Evidence do not apply at the pleading stage, FRE 101. The allegation that the documents filed by the attorneys violate the Hearsay Rule, FRE 801, and rules governing witnesses, FRE 602, is without merit because the Rules of Evidence do not apply at this stage of the proceedings. Neither does FRE 301, dealing with presumptions, which Plaintiff asserts as a basis to strike. He also seems to be accusing all of the attorneys of lying. (Doc. 17, PgID 424).

Furthermore, pursuant to F.R.C.P. 11, attorneys are directed to sign pleadings on behalf of their clients, given the rule's directive that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P. 11(a). The attorney is required to have a reasonable basis for a pleading, which ordinarily comes from the client. Questions about the admissibility of such evidence are resolved at a later stage of the proceedings.

The Court finds there is nothing in Defendants' answer or motions that should be stricken as "redundant, immaterial, impertinent, or scandalous" under Rule 12(f) and denies Plaintiff's motion to strike. (Doc. 17).

**CONCLUSION**

Plaintiff has alleged that Defendants have engaged in serious misconduct, including conspiracy, failure to comply with the duties of their offices, fraud, and numerous other transgressions. The allegations are without merit. The Court finds the Complaint must be dismissed for failure to state a claim upon which relief can be granted, F.R.C.P. 12(b)(6), and grants the Defendants' motion to dismiss on that basis. (Doc. 11). The Court finds that Plaintiff's claims of violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964, must be dismissed not only for lack of merit, F.R.C.P. 12(b)(6), but also for failure to plead the elements and for failure to plead fraud with particularity. F.R.C.P. 12(b)(1). The Court dismisses all RICO claims. The Court declines to exercise supplemental jurisdiction over any remaining claims. The Court finds that Plaintiff's motion to strike, (Doc. 17), is without merit and denies it.

Accordingly, IT IS ORDERED that

1. Defendants' motion to dismiss (Doc. 11) is granted; and
2. Plaintiff's motion to strike (Doc. 17) is denied.

Dated this 1st day of February, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK